■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE P. SPANO, Appellant.—Judgment affirmed. Memorandum: This appeal is from a judgment entered upon a jury verdict convicting the defendant of arson, second degree. On June 16, 1974 a building owned by defendant which housed the Shadows Restaurant, a beauty salon and living quarters was burned. There was evidence that a few months before the fire defendant had attempted to sell an interest in the property because he needed money "desperately" and that he had suggested to an intimate that the beauty salon lease could be terminated by a small fire so that the restaurant could move into expanded quarters. About a week before the fire defendant increased the casualty and business interruption insurance coverage on the premises. The fire occurred at 5:30 A.M. The prosecution's principal witness was the only witness able to identify defendant as present at the scene when the fire started. During the course of his testimony, this witness revealed that he had been a patient at the Gowanda State Hospital for five years. Defendant then sought to offer psychiatric testimony to establish the nature of the witness' mental condition and the effect of such condition upon his credibility. When the court denied this offer, defense counsel requested an opportunity to present psychiatric evidence solely as to the nature of defendant's illness, and this limited offer of proof was also denied. Since the details of this witness' confinement and illness were already before the jury, the court properly excluded the expert testimony *(People v Kampshoff,* 53 AD2d 325, 330–331; see, also, *United States v Barnard,* 490 F2d 907, 912–913). The only other issue requiring comment relates to the People's use of a transcript of testimony given by defendant in his civil claim to recover insurance proceeds for the fire loss. The People read approximately 50 lines from the 70-page transcript and the court refused defense counsel's request that the entire transcript be read in evidence. Defense counsel then moved to read selected portions of the transcript and this request was also denied. We hold that this was error. Concededly, when a prosecution reads part of an examination before trial into the record, the defendant is not thereby entitled to have the entire transcript, also read into the record. "The rule is: 'Where use is made in a judicial proceeding of a prior declaration the entire declaration at the time made so far as relevant must be taken together; a party may not utilize only so much of the declaration as is for his benefit, but he must also admit that which is against his interest and the whole must stand or fall together' " *(People v Gallo,* 12 NY2d 12, 15). The parts of the examination before trial from the civil proceeding which the prosecution read into evidence showed: (1) that defendant was the owner, sole operator and manager of the business; (2) the number and whereabouts of the keys to the business; (3) the fact that defendant knew of no one who might set fire

to the business; and (4) the defendant's movements on the night of the fire. This evidence was introduced in order to demonstrate that defendant had motive and opportunity to commit arson by setting fire to the building in which his business was located. The portions of the same examination before trial which defendant sought to present showed his initial contribution and purchase price of the business, the fact that he was buying out his brother's interest in it and the profitability of the business. This evidence is plainly relevant to explain and offset that portion presented by the prosecution with respect to defendant's motive to set fire to his business and should have been admitted to present an accurate and fair representation of the defendant's "admissions" presented by the prosecution. Since defendant's conviction for arson required proof of his intent (Penal Law, § 150.15), failure to admit defendant's evidence regarding his lack of motive in view of the prosecution's affirmative proof on this issue constituted error. However, because the error is not one of constitutional dimension and in view of the overwhelming proof of defendant's guilt, the error must be deemed harmless *(People v Crimmins,* 36 NY2d 230). Finally, we have considered the other points raised in this appeal and find them to be without merit. All concur; Moule and Simons, JJ., in the following memorandum: It should be noted that this transcript did not contain an acknowledgment by defendant of his guilt. Portions of it were read by the prosecution because it contained admissions by him which the prosecution believed supplied circumstantial evidence of defendant's guilt. Under the circumstances the proper rule is that when portions of a transcript of a civil proceeding are received in evidence as admissions of the defendant, the defense is entitled to have any other relevant portion of the transcript which may explain, modify or qualify the admission read to the jury (see *Taft v Little,* 178 NY 127, 130–131; Richardson, Evidence [10th ed], § 227; Wigmore, Evidence [3d ed], §§ 2094, 2113). With respect to the portions of the transcript dealing with ownership which defense counsel requested to have read, the request should have been granted because the excerpts were explanatory of those read by the prosecution. The denial was inconsequential to the merits of this litigation, however, because the record is replete with evidence, largely undisputed, concerning defendant's ownership. But we disagree with the majority, when it holds that it was error to deny counsel's request to read portions of the transcript dealing with the profitability of the restaurant. The excerpt requested did not explain, modify or qualify any portion of the transcript read by the prosecution. Rather, it was affirmative proof for the defense which attempted to rebut a separate issue (profitability) which had been the subject of independent proof by prosecution witnesses. The purpose of the rule permitting the defense to supplement portions of the transcript read to the jury is to insure that the jury may have a full understanding of the tenor and effect of the admission and one that is accurate and complete. The rule is not intended to permit a party (in this case a criminal defendant who chose not to testify) to submit affirmative evidence in support of his case which does not explain or qualify the facts read from the transcript by his opponent. (Appeal from judgment of Erie County Court—arson, second degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.