■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered July 6, 1983, convicting him of murder in the second degree (four counts) and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the trial court erred in permitting the prosecutor to introduce into evidence the prior consistent statements of an eyewitness, Hector Sanchez, during redirect examination. A review of the record, however, reveals that defense counsel during cross-examination suggested that Sanchez had recently fabricated his testimony in order to obtain a $10,000 reward. Therefore, the court properly allowed the prosecutor to rebut the inference of recent fabrication by establishing that Sanchez had made statements similar to his trial testimony before he became aware of the reward offer *(see, People v McClean,* 69 NY2d 426).

The defendant further claims that the court erred in failing to declare a mistrial upon the revelation that the People had not provided the defense with timely notice of the psychiatric history of the prosecution witness Rodriguez. This claim, however, is without merit. After Rodriguez's psychiatric history had been disclosed on cross-examination, namely, that he had been hospitalized three times for psychiatric problems, once in California and twice in New York (at Maimonides Hospital and at the "G Building" at the Kings County Hospital), the defense counsel advised the court that he had not been previously informed of that history. The defense counsel, however, did not request a mistrial. Pursuant to CPL 280.10

(3) a court should not declare a mistrial *sua sponte,* unless "it is physically impossible to proceed with the trial in conformity with [the] law". The court had the duty to consider alternatives and obtain enough information to determine whether the declaration of a mistrial is actually necessary *(see, People v Ferguson,* 67 NY2d 383). Here, the court considered alternatives, obtained enough information, and correctly decided that a mistrial was not necessary.

It is beyond cavil that the People must disclose to the defense any material exculpatory information which is in their possession *(Brady v Maryland,* 373 US 83; *People v Cwikla,* 46 NY2d 434), and that evidence affecting the credibility of witnesses falls within this general rule *(People v Cwikla, supra).* The People, however, have no affirmative duty to investigate the psychiatric history of all potential prosecution witnesses *(cf.,* CPL 240.45 [1]). The court questioned both the prosecutor and Rodriguez, and credited the prosecutor's statement that he had not been aware of Rodriguez's hospitalization in California or at Maimonides Hospital, and that he had believed that Rodriguez had been detained in the G Building at Kings County Hospital for the purpose of separating him from other prisoners, and not because of his psychiatric history. Finding that there had been no misconduct on the part of the prosecutor and that the information had not been in the People's possession, the court then ordered the prosecutor to obtain Rodriguez's medical records from Kings County and Maimonides Hospital and allowed the defense counsel to extensively cross-examine Rodriguez concerning his psychiatric history and ability to perceive, including allowing the defense counsel to reopen cross-examination after having an opportunity to review those records. In view of the fact that the jury was fully apprised of Rodriguez's background so as to enable it to make a sound judgment as to his credibility, the court correctly decided not to declare a mistrial *(see, People v Spano,* 57 AD2d 715; *People v Kampshoff,* 53 AD2d 325, *cert denied* 433 US 911).

Finally, the defendant's contention that the trial court erred in not instructing the jury that prosecution witness Rodriguez was an accomplice as a matter of law has not been preserved for appellate review by reason of the defendant's failure to specifically request such a charge and by failing to register an objection to the court's final charge *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467).

We have reviewed the defendant's remaining contentions

and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.