■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DIBLASIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman,

J.), rendered December 1, 1986, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, the trial court did not err in denying his request that it charge the jury, pursuant to 1 CJI(NY) 7.11, at 278 ("Impaired Witness"), that the two complaining witnesses were impaired witnesses. There was no testimony adduced at trial which indicated that these two witnesses had "apparent difficulty in perceiving and recalling" the incident of September 24, 1985. Moreover, the trial court properly charged the jury, inter alia, that it was to evaluate the witnesses' credibility based on their "background", including the information "contained in [their] psychiatric records" which were presented to the jury pursuant to a stipulation entered into by the People and defense counsel. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disregarded unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.