■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN HUBER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered October 27, 1987, convicting him of sodomy in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, viewing the evidence adduced at the trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Nor is reversal of the conviction warranted on the ground that the trial court restricted the defendant's access to the complainant's psychiatric records and limited cross-examination of the complainant with respect to the information contained in a certain psychiatric report which had been disclosed to the defense. The record reveals that the trial court conducted an in camera inspection of the records in issue. Accordingly, the trier of fact was fully apprised of the complainant's background and, therefore, was able to "make a sound judgment" as to her credibility and veracity *(People v Diaz,* 134 AD2d 445, 446; *People v Spano,* 57 AD2d 715; *People v Kampshoff,* 53 AD2d 325, *cert denied* 433 US 911).

We have examined the defendant's challenge to the propriety of the sentence and find it to be without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.