THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BELLO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant effectively waived his right to have the jury sequestered during its deliberations. In court, in the presence of defendant, counsel stipulated that the jury be permitted to go home overnight after it had commenced deliberations. "The demand for a knowing and intelligent waiver 'has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial' (Schneckloth v Bustamonte, 412 US 218, 237)" (People v D'Alvia, 171 AD2d 96, 107, lv denied 78 NY2d 1075). "[T]he requirement that a deliberating jury be sequestered is entirely statutory and reflects no established common-law right of the defendant" (People v Webb, 78 NY2d 335, 339-340). The purpose of the sequestration provision was not for the protection of defendant, but "simply to force [the jury] to agree" (People v Webb, supra, at 340, n). Defendant failed to preserve for appellate review the alleged incidents of prosecutorial misconduct. Contrary to defendant's contention, the verdict was supported by the weight of the evidence (see, People v Bleakley, 69 NY2d 490). (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Rape, 1st

Degree.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.