■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNE E. BLACKBURN, Appellant. [625 NYS2d 386] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court should have charged the jury on temporary lawful possession of a weapon. Because counsel failed to request that specific charge, defendant's contention has not been preserved for review (see, CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, the evidence was insufficient to warrant that charge (see, *People v Williams,* 50 NY2d 1043, 1044-1045). Additionally, the court properly refused to charge justification as a defense to the crime of criminal possession of a weapon in the second degree (see, *People v Pons,* 68 NY2d 264, 265-267; *People v Almodovar,* 62 NY2d 126). Defendant also failed to preserve for review her contention that, during cross-examination of defendant's expert, the prosecutor improperly elicited testimony that battered woman syndrome is not a defense to a crime (see, CPL 470.05 [2]), and we decline to reach it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

The court erred in permitting the People to read into evidence an inculpatory portion of defendant's Grand Jury testimony, while denying defense counsel's request to have read into evidence exculpatory portions of that testimony or portions that explained the testimony introduced by the People (see, *People v Saintilima,* 173 AD2d 496, 497; *People v Spano,* 57 AD2d 715, 716). We conclude that the error is harmless because the evidence of defendant's guilt is overwhelming and there is no significant probability that the court's refusal to admit that evidence affected the jury's verdict (see, *People v Crimmins,* 36 NY2d 230, 242; *People v Spano, supra).*

We have reviewed the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Criminal Possession Weapon, 2nd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.