FOURTH DEPARTMENT, MAY, 1997

(May 30, 1997)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEDDY J. SEALEY, Appellant. [659 NYS2d 639] —Judgment unanimously affirmed. Memorandum: Defendant contends that the People's failure to provide him with the psychiatric records of the victim constitutes a *Brady* violation (*see, Brady v Maryland*, 373 US 83) and a denial of due process of law. We dis-

agree. The People provided defendant with all materials in their possession that indicated that the victim had received psychiatric treatment. Because the People did not possess the psychiatric records requested by defendant, their failure to produce them is not a *Brady* violation (*see, People v Diaz*, 134 AD2d 445, *lv denied* 71 NY2d 895). The People were under no duty to investigate the psychiatric history of the victim and obtain her psychiatric records (*see, People v Diaz, supra*, at 446; *see also, United States v Bibby*, 752 F2d 1116, 1125, *cert denied* 475 US 1010). Additionally, defense counsel was given the opportunity to review the victim's medical records from Niagara Falls Memorial Hospital and to place before the jury the fact that the victim suffered from alcohol dependency and alcohol convulsions, had resided in various mental health facilities over the years, had experienced blackouts and hallucinations while under the influence of alcohol, and would become angry if deprived of alcohol. Under those circumstances, defendant was not denied due process of law (*see generally, People v Arnold*, 177 AD2d 633, 634-635, *lv denied* 79 NY2d 853).

Defendant further contends that reversal is required because County Court did not conduct the *Sandoval* hearing and make its *Sandoval* ruling until immediately before jury selection. That contention has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Melvin*, 223 AD2d 604, *lv denied* 88 NY2d 851; *People v Henderson*, 212 AD2d 1031, *lv denied* 86 NY2d 736). In any event, the trial court did not abuse its discretion in conducting the *Sandoval* hearing immediately before jury selection (*see, People v Cooper*, 120 AD2d 957, *lv denied* 68 NY2d 768). Finally, we conclude that defendant's sentence is neither unduly harsh nor severe.

Defendant in a *pro se* supplemental brief contends that his right to a fair trial was violated by the court's failure to sequester the jury during deliberations. We disagree. Defendant, who was represented by counsel, agreed to allow the jury to go home, thereby waiving his rights under CPL 310.10 (*see, People v Bello*, 190 AD2d 1077, *affd* 82 NY2d 862; *People v Paul*, 79 NY2d 970; *People v Webb*, 78 NY2d 335). (Appeal from Judgment of Niagara County Court, Fricano, J.—Rape, 1st Degree.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.