■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VANCE COLLINS, Respondent. [673 NYS2d 76] —Order, Supreme Court, Bronx County (Joseph Fisch, J.), entered on or about May 30, 1997, granting defendant's motion pursuant to CPL 440.10 to set aside a judgment, same court and Justice, rendered February 6, 1995, convicting defendant, after a jury trial, of two counts of sodomy in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, unanimously affirmed.

While we agree with the People that they had no affirmative duty to ascertain whether the complainant in the underlying case had a psychiatric history and that they thus committed no *Brady* violation in failing to provide defendant with the complainant's psychiatric records (*see, People v Sealey*, 239 AD2d 864), we conclude that the motion to vacate judgment was properly granted on the ground of newly discovered evidence (CPL 440.10 [1] [g]). The complainant was the only eyewitness and her testimony contained material inconsistencies. Following defendant's 1995 conviction, the complainant was arrested in March 1996 after a much publicized incident wherein, without provocation, she slashed a subway rider in the face with a box cutter. As a result, defendant learned for the first time, and medical and other records confirmed, that the complainant had a long-standing history of mental illness

and violent assaultive behavior, including psychiatric hospitalization and an incident wherein she stabbed an individual, all of which predated the 1993 underlying incident and her 1994 testimony at trial. Under the circumstances, we agree with the trial court that defendant satisfied the requirements set forth in CPL 440.10 (1) (g) (*see, People v Rensing*, 14 NY2d 210), and conclude that the court properly exercised its discretion (*see, People v Bryce*, 88 NY2d 124, 128) in granting the motion.

We have considered the People's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Williams, Tom, Andrias and Saxe, JJ. *[See,* 173 Misc 2d 350.]