■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS ANDERSON, Appellant. [682 NYS2d 231] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered June 27, 1996, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree,

and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated March 10, 1998, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by any appropriate pretrial hearings; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the judgment.

When arrested, the defendant gave the police a statement that was partly inculpatory and partly exculpatory. The statement related to a shooting, and the ownership of the car that was allegedly used in connection with the crime. According to the prosecution's pretrial notice, the defendant stated that "he had been driving on 10/14/95 in the area of Brooklyn, and that he had used the Honda to drive to St. Marks Ave., Brooklyn, to visit a girlfriend named 'Cheryl', but he denied going to Queens and shooting the victim".

At trial, the prosecutor brought out only the inculpatory portion of the statement and succeeded in blocking the defendant's attempt to bring out the remaining, exculpatory portion. The court erred in allowing the prosecution to do so (*see, People v Dlugash,* 41 NY2d 725; *People v Gallo,* 12 NY2d 12, 15; *People v Saintilima,* 173 AD2d 496; *People v Blackburn,* 213 AD2d 1009; *see also, United States v Walker,* 652 F2d 708; *United States v Haddad,* 10 F3d 1252, 1258; *see generally,* Annotation, *Proof of Entire Conversation Containing Alleged Confession,* 26 ALR 541).

During summations, the prosecutor exploited the ruling and capitalized upon it by arguing improperly to the jury that the defendant had not told the police that at the time in question he was with Cheryl. Because the prosecutor misled the jury by pointing to the absence of evidence that he knew existed, reversal is warranted (*see, People v Whalen,* 59 NY2d 273; *People v Savvides,* 1 NY2d 554; *United States v Toney,* 599 F2d 787, 790-791).

Under the circumstances, the new trial should be preceded by any appropriate pretrial hearings. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.