THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY CASTLEBERRY, Appellant. [697 NYS2d 215] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35 [1]). We reject his contention that he was denied effective assistance of counsel and his right to effective cross-examination of complainant by trial counsel's failure to obtain and use for impeachment purposes the psychiatric records of complainant and police reports pertaining to her alleged escape from a psychiatric facility two days prior to the alleged rape. The People had no duty to investigate the psychiatric history of complainant and obtain her psychiatric records (*see, People v Sealey,* 239 AD2d 864, 865, *lv denied* 90 NY2d 910; *People v Diaz*, 134 AD2d 445, 446, *lv denied* 71 NY2d 895). The People admitted in their opening statement that complainant had been suffering from manic depression for a number of years and was experiencing "problems" with that condition at the

time of this incident. Although defense counsel never sought production of any psychiatric records of complainant, he vigorously cross-examined complainant on her psychiatric history and use of illegal as well as prescription drugs, and raised a consent defense. Defense counsel's failure to seek production of complainant's psychiatric records did not compromise defendant's right to a fair trial. The critical issue at trial was credibility, and the jury chose to believe complainant's testimony that the sexual intercourse was forcible and nonconsensual. Upon our review of the record, we conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147).

County Court did not err in summarily denying defendant's motion to set aside the verdict on the ground of newly discovered evidence (*see,* CPL 330.30 [3]; *People v Festa,* 131 AD2d 504). Defendant's motion was made orally at the time of sentencing and thus failed to comply with the requirements of CPL 330.40 (2) (a). Furthermore, defendant failed to establish that the alleged newly discovered evidence is "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see, People v Holmes,* 127 AD2d 993, 994, *lv denied* 70 NY2d 648, 875, *lv dismissed* 73 NY2d 856). (Appeal from Judgment of Erie County Court, McCarthy, J.—Rape, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.