■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE RAYFORD, Appellant. [736 NYS2d 922] —Appeal from a

judgment of Supreme Court, Monroe County (Mark, J.), entered September 30, 1999, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that the lineup procedure was unduly suggestive because his age and physical characteristics differed from those of the other five men in the lineup. We disagree. "There is no requirement * * * that a defendant in a lineup be surrounded by people nearly identical in appearance" (*People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). The other five men resembled defendant, and the differences in their ages and physical characteristics were "not sufficient to create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp, supra* at 336; *see, People v Anthony P.,* 277 AD2d 1024, *lv denied* 96 NY2d 780; *People v Pastorius,* 272 AD2d 944, 945, *lv denied* 95 NY2d 907; *People v Smith,* 234 AD2d 946, *lv denied* 89 NY2d 1041). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495), and the sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.