■ The People of the State of New York, Respondent, v Marcus R. Corchado, Appellant. [749 NYS2d 814] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered December 8, 1998, convicting defendant after a jury trial of, inter alia, manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), defendant contends that County Court erred in summarily denying his motion for a new trial pursuant to CPL 330.30. We disagree. The court properly determined that the testimony submitted by defen-

dant in support of that motion was not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Epps,* 284 AD2d 996, 997). The court therefore properly denied the motion without a hearing (*see Epps,* 284 AD2d at 997; *People v Nicholson,* 269 AD2d 868, *lv denied* 95 NY2d 907; *People v Castleberry,* 265 AD2d 921, 922, *lv denied* 94 NY2d 902).

Contrary to the contention of defendant, the court properly denied his motion seeking suppression of the identification evidence. Photographs of the two lineups establish that the subjects were of similar age, height and build, and had similar skin color and facial characteristics (*see People v Rayford,* 291 AD2d 833, 834, *lv denied* 98 NY2d 680; *see generally People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). The minor differences in the ages and physical characteristics of defendant and the others in the lineup were "not sufficient to create a substantial likelihood that the defendant would be singled out for identification" (*Chipp,* 75 NY2d at 336; *see Rayford,* 291 AD2d at 834; *see also People v Freeney,* 291 AD2d 913, *lv denied* 98 NY2d 637). Contrary to defendant's further contention, the People had no burden to come forward with independent source evidence absent a showing by defendant that the pretrial identification procedures were impermissibly suggestive (*see People v Burts,* 78 NY2d 20, 24; *Chipp,* 75 NY2d at 335).

We reject defendant's contention that the court erred in admitting the police officers' hearsay testimony in evidence (*see People v Tosca,* 98 NY2d 660, 661, citing *People v Till,* 87 NY2d 835, 837). The officers' testimony served to "complete the narrative of events leading up to defendant's apprehension" (*People v Justice,* 202 AD2d 362, 362, *lv denied* 83 NY2d 1004; *see People v Singletary,* 270 AD2d 903, *lv denied* 95 NY2d 838; *People v Shaw,* 232 AD2d 174, 175, *lv denied* 89 NY2d 946). Any error in the court's admission of bolstering testimony (*see* CPL 60.25; *People v Caserta,* 19 NY2d 18, 21; *People v Trowbridge,* 305 NY 471, 474-476) is harmless. There is overwhelming evidence of defendant's guilt, including the strong identification testimony of multiple eyewitnesses and the positive results of the gunshot residue testing performed on defendant's clothing, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Elliott,* 294 AD2d 870; *People v Alshoaibi,* 273 AD2d 871, 872, *lv denied* 95 NY2d 960; *see generally People v Crimmins,* 36 NY2d 230, 241-242).

Contrary to the further contentions of defendant, there is no basis for reversal based upon the alleged omission of material information from the warrant application (*see generally Franks v Delaware,* 438 US 154; *People v Alfinito,* 16 NY2d 181), and the court did not err in denying his request for an impaired witness instruction (*see People v DiBlasio,* 149 AD2d 527, 528, *lv denied* 74 NY2d 739). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.