Petition pursuant to CPLR article 78 for a writ of prohibition to prohibit respondent Robert A. Sackett, a Justice of the Supreme Court, Bronx County, from enforcing an order of the same court issued on May 13, 2013, precluding the People from calling the complainant to testify with respect to the robbery charges in a trial in a criminal action entitled People v Howard *428 Rascoe (indictment No. 2094/2011), unanimously granted, without costs or disbursements, and the respondent Justice is prohibited from enforcing the order of preclusion dated May 13, 2013.
Petitioner seeks a writ of prohibition to prevent respondent Justice from enforcing a pretrial order precluding the People from calling the complainant to testify about the robbery in the impending criminal trial against respondent Rascoe.[1] The complainant and Rascoe have known each other for several years. The People allege that Rascoe assaulted and robbed the complainant, and as a result of Rascoe’s conduct, the complainant suffered injuries to his right eye and face. A few days after the alleged assault, the complainant sought treatment at Lincoln Hospital. The medical records from that visit indicate that the complainant was using three different psychotropic medications, and the complainant subsequently apprised the prosecutor that he took these medications to treat his bipolar disorder. The complainant stated that he had never been hospitalized for mental illness.
In a subsequent interview, the complainant advised the prosecutor that he has auditory and visual hallucinations, which are controlled by medication, but would neither give the prosecutor a HIPAA authorization nor disclose where he received psychiatric treatment. Because of the complainant’s refusal, the People do not have the complainant’s psychiatric records nor any information, besides the Lincoln Hospital records, about where the complainant has been treated. When the case was sent out for trial,[2] the respondent Justice directed the People to produce the complainant and the court asked the complainant if he would sign the necessary consent forms for the defense to obtain his psychiatric records. When the complainant refused to provide the requested information about the location of his treatment or consent to the release of his records, the court issued an order precluding the complainant from testifying with respect to the robbery.
An article 78 proceeding seeking relief in the nature of a writ of prohibition is an extraordinary remedy and is available to *429 prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction (Matter of Pirro v Angiolillo, 89 NY2d 351, 355 [1996]; Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]). “The writ does not lie as a means of seeking a collateral review of an error of law, no matter how egregious that error might be . . . but only where the very jurisdiction and power of the court are in issue” (Matter of Brown v Blumenfeld, 103 AD3d 45, 55 [2d Dept 2012] [internal quotation marks omitted]). Here, the court had no authority to issue this preclusion order since the records were neither discoverable nor Brady material (Brady v Maryland, 373 US 83 [1963]). It is undisputed that the People did not have the complainant’s records and did not know where he had been treated (see People v Hayes, 17 NY3d 46 [2011], cert denied 565 US —, 132 S Ct 844 [2011]; People v Walloe, 88 AD3d 544 [1st Dept 2011] [allegedly exculpatory tape was not Brady material because it never was in the People’s possession or control], lv denied 18 NY3d 963 [2012]). The People had no affirmative duty to ascertain the extent of the complainant’s psychiatric history or obtain his records (see People v Collins, 250 AD2d 379, 379 [1st Dept 1998], lv denied 92 NY2d 895 [1998], citing People v Sealey, 239 AD2d 864 [4th Dept 1997], lv denied 90 NY2d 910 [1997]). The People advised the defense of the information they had regarding the complainant’s diagnosis and also apprised the defense of the complainant’s statements regarding his hallucinations. Therefore, no claim can be made that the People concealed any information from the court or the defense.
It is well settled that neither the defendant nor the court has the “authority to compel pretrial discovery in criminal cases that is unavailable pursuant to statute, and prohibition lies to prevent an attempt to do so” (Matter of Farrell v LaBuda, 94 AD3d 1195, 1197 [3d Dept 2012] [prohibition appropriate to prevent trial court from enforcing order directing prosecutor to perform latent fingerprint analysis by a specific date], lv denied 19 NY3d 808 [2012]; see also Matter of Cosgrove v Ward, 48 AD3d 1150 [4th Dept 2008] [prohibition warranted where court improperly precluded People from introducing certain evidence based on alleged insufficiency of the bill of particulars]).
People v Rensing (14 NY2d 210 [1964]), relied on by respondent Rascoe and by the trial court, can be easily distinguished. In that case, the trial court denied a motion to set aside the jury verdict even though a month after sentencing, the codefendant, who was a critical witness against the defendant, was certified as legally insane and committed to a state hospital (14 NY2d at 212). In ordering a new trial, the Court of Appeals noted that *430 the codefendant had a long history of mental illness, which should have been put before the jury (id. at 213-214). The case neither involves a preclusion order nor does it hold that the complainant’s records must be obtained prior to trial. Rather, it holds that the jury is entitled to know that there is something mentally wrong with the complainant, something the defendant in this case could establish based on the information he already has.
People v Baier (73 AD2d 649 [2d Dept 1979]), cited by the trial court, also presents an entirely different situation from the one at issue here. In that case, a clinical psychologist was called by the People at trial to assist the jury in evaluating the complainant’s credibility and mental illness (73 AD2d at 650). The court, however, would not allow the defense to use the voluminous mental health and hospital records that it had subpoenaed for the purpose of cross-examination (id.). That case involves preclusion of the use of records which the defense already had; not an order sanctioning the People for records that were never in their possession.
It appears that the trial court, in this case, concluded it had the authority to order preclusion as a remedy for a possible violation of the defendant’s Confrontation Clause rights. In People v Jenkins (98 NY2d 280, 284 [2002]), the court held that “[preclusion of evidence is a severe sanction, not to be employed unless any potential prejudice arising from the failure to disclose cannot be cured by a lesser sanction.” In this case, it is improper to determine, as the trial court did before the trial commenced, that preclusion is the only remedy. Although the complainant has to date refused to provide information about the location of his treatment, we do not know for certain whether he will do so once the trial begins. The complainant already has provided information about his diagnosis and the defense knows the medications he was taking at the time of his admission to Lincoln Hospital. The defense has sufficient information to explore the issue on cross-examination (see People v Blair, 32 AD3d 613, 615 [3d Dept 2006]),[3] and the question of whether another remedy, such as an adverse inference instruction, would be appropriate cannot be resolved before trial. Rather, this issue must be decided at trial based on the responses the complainant actually gives during his testimony.
In addition to determining whether a writ of prohibition is *431 authorized to stop the implementation of the preclusion order, this Court also must consider whether to exercise its discretion to grant that remedy (Matter of Pirro, 89 NY2d at 359). In making such a decision, courts consider “the gravity of the harm that would result from the act to be prohibited and whether that harm can be adequately corrected through an appeal or other proceedings at law or in equity” (id., citing Matter of Rush v Mordue, 68 NY2d 348, 354 [1986]; see also Brown v Blumenfeld, 103 AD3d at 65). Here, there are significant consequences if the court’s ruling is allowed to stand because the complainant will be unable to testify about the events of the robbery. Moreover, a preclusion order is not appealable and absent granting of the writ, the prosecution has no remedy or any way to obtain appellate review (see Matter of Brown v Schulman, 244 AD2d 406 [2d Dept 1997], lv denied 91 NY2d 806 [1998]).
The defense suggests it would be a denial of due process to allow the case to proceed to trial without the records at issue here. This argument ignores the procedural posture in which this question arose. Here, the court imposed a remedy for nondisclosure of records it had no right to compel the People to produce in the first place. Although we recognize that defendant has rights here, the court cannot create a remedy, unauthorized by statute or case law, in anticipation of what it believes will be a problem at trial. Concur — DeGrasse, J.P, Freedman, Richter and Manzanet-Daniels, JJ.

. The respondent Justice, who is represented by the Attorney General, has not filed separate papers in opposition to the writ, but rather submitted transcripts of the relevant proceedings in the trial court. Respondent Rascoe, the defendant on trial, opposes granting of the writ.

. The calendar part judge had denied a defense motion to compel the prosecution to obtain the complainant’s records, noting that the determination of whether a remedy was required for the lack of records would be based on “how things play out at trial.”

. The papers submitted to this Court indicate that the defendant and the complainant knew each other before this incident, but do not indicate whether the defendant has any information about the complainant’s behavior and mental health history based on their prior connection.