Matter of Trump v Merchan (2024 NY Slip Op 02680)

Matter of Trump v Merchan

2024 NY Slip Op 02680

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Kennedy, Rodriguez, Pitt-Burke, Michael, JJ. 

Ind. No. 71543/23 Appeal No. 2382&M-2024-01976 Case No. 2024-02369 

[*1]In the Matter of Donald J. Trump, Petitioner,
v
The Honorable Juan M. Merchan etc., et al., Respondents. Constitutional Scholars, Ethics Experts, and Former Public Officials; Donald Ayer, Ty Cobb, Tom Coleman, Brian Frosh, Stephen Gillers, Barbara S. Gillers, Philip Lacovara, Frederick Lawrence, John McKay, Alan Charles Raul, Nicholas Rostow, Claudine Schneider, Laurence H. Tribe, Olivia Troye, Stanley Twardy, Shan Wu, and Ellen Yaroshefsky, amici curiae.

Blanche Law PLLC, New York (Todd Blanche of counsel), for petitioner.
David Nocenti, Office of Court Administration, New York (Lisa Evans of counsel), for Juan M. Merchan, respondent.
Alvin L. Bragg, Jr., District Attorney, New York (Philip V. Tisne of counsel), for Alvin L. Bragg, Jr., respondent.
Kaplan Hecker & Fink LLP, New York (Joseph Posimato of counsel), and Kaplan Hecker & Fink, Washington DC (Joshua Matz of counsel), for amici curiae.

Petition pursuant to CPLR 7803 challenging the orders of Supreme Court, New York County (Juan M. Merchan, J.), entered March 26, 2024 (the Original Restraining Order) and amended on or about April 1, 2024 (the Amended Restraining Order, and together with the Original Restraining Order, the Restraining Order), which, to the extent challenged by petitioner, (1) prohibited him from responding to purported "attacks" by two witnesses, Michael Cohen and Stephanie Clifford (a/k/a Stormy Daniels), (2) limited his ability to make public statements about senior prosecutor Matthew Colangelo, and (3) limited his ability to make public statements about Justice Merchan's daughter, unanimously denied, and the proceeding dismissed, without costs.
In this article 78 proceeding, petitioner asserts one cause of action for judgment pursuant to CPLR 7803(2). This section is "a codification of the common-law writ of prohibition, which is available to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its powers" (Matter of Trump v Engoron, 222 AD3d 505, 505 [1st Dept 2023], appeal dismissed 40 NY3d 1090 [2024]; see LaRocca v Lane, 37 NY2d 575, 578-579 [1975], cert denied 424 US 968 [1976]; Matter of Johnson v Sackett, 109 AD3d 427, 428-429 [1st Dept 2013], lv denied 22 NY3d 857 [2013]). The Court of Appeals has found that the "extraordinary remedy" of a writ of prohibition lies only where a "clear legal right" to such relief exists — when a court "acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]). Even in the rare circumstances where article 78 review will lie with respect to a writ of prohibition, it "does not issue as of right, but only in the sound discretion of the court" (Matter of Dondi v Jones, 40 NY2d 8, 13 [1976]).
We decline to exercise our discretion or to grant the relief that petitioner seeks here. It is well established that "[a]lthough litigants do not surrender their First Amendment Rights at the courthouse door, those rights may be subordinated to other interests that arise in [the trial] setting" (United States v Trump, 88 F4th 990, 1007 [DC Cir 2023] [internal quotation marks omitted] [the Federal Restraining Order Decision]). In the Federal Restraining Order Decision, the circuit court weighed the three key questions bearing on the entry of a restraining order against a criminal defendant: "(1) whether the Order is justified by a sufficiently serious risk of prejudice to an ongoing judicial proceeding; (2) whether less restrictive alternatives would adequately address that risk; and (3) whether the Order is narrowly tailored, including whether the Order effectively addresses the potential prejudice" (id.). The Federal Restraining Order is nearly identical to the Restraining Order issued against petitioner in the underlying criminal case (id. at 1028).
Petitioner brings [*2]this petition because he disagrees with where the circuit court drew the line in balancing the competing considerations of his First Amendment rights to free expression and the effective functioning of the judicial, prosecutorial and defense processes (id. at 1027-1028, citing Landmark Communications v Virginia, 435 US 829 [1978]). Weighing these concerns, the circuit court ultimately concluded that, given the record, the court had "a duty to act proactively to prevent the creation of an atmosphere of fear or intimidation aimed at preventing trial participants and staff from performing their functions within the trial process" (Trump, 88 F4th at 1014). This Court adopts the reasoning in the circuit court's Federal Restraining Order Decision.
The Federal Restraining Order Decision properly found that the order was necessary under the circumstances, holding that "Trump's documented pattern of speech and its demonstrated real-time, real-world consequences pose a significant and imminent threat to the functioning of the criminal trial process" (id. at 1012). First, the circuit court concluded that petitioner's directed statements at potential witnesses concerning their participation in the criminal proceeding posed a significant and imminent threat to their willingness to participate fully and candidly, and that courts have a duty to shield witnesses from influences that could affect their testimony and undermine the integrity of the trial process (id.; see also Sheppard v Maxwell, 384 US 333, 359 [1966]). Justice Merchan properly determined that petitioner's public statements posed a significant threat to the integrity of the testimony of witnesses and potential witnesses in this case as well.
The constitutional objections that petitioner lodges against the Restraining Order's restrictions on his statements relating to Mr. Colangelo and Ms. Merchan are unavailing. Notably, petitioner does not argue that the Restraining Order has impinged upon his Sixth Amendment rights, or that he is unable to receive a fair trial because of the Restraining Order. Instead, he argues that the restriction of his statements relating to any real or perceived impropriety posed by Mr. Colangelo's and Ms. Merchan's actions and employment history restrict his ability to engage in protected political speech and may have some adverse impact on his campaign. We find that Justice Merchan properly weighed petitioner's First Amendment Rights against the court's historical commitment to ensuring the fair administration of justice in criminal cases,
and the right of persons related or tangentially related to the criminal proceedings from being free from threats, intimidation, harassment, and harm.
M— 1976 Matter of Trump v The Honorable Juan M. Merchan, et al.
Motion to file an amicus brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024