THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES PICKETT, Respondent, v ANTHONY RUFFO, as Sheriff of Broome County, Respondent, and EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Appellant.

Third Department, November 3, 1983

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Nancy A. Spiegel* and *William J. Kogan* of counsel), for appellant.

*John L. Perticone, Acting Public Defender* (*Sandra L. Cardone* of counsel), for the People of the State of New York ex rel. James Pickett, respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Petitioner was released on parole on August 5, 1982 on condition that, *inter alia,* he would "not behave in such a manner as to violate the provisions of any law to which [he] is subject which provide[s] for a penalty of imprisonment". On August 28, 1982, petitioner was arrested and subsequently charged on August 30, 1982 with criminal possession of a forged instrument in the second degree, a class D

felony. Three days later a parole detainer warrant was lodged against him and he was detained.

A notice of violation was served on petitioner pursuant to section 259-i of the Executive Law charging him with violating the above-recited condition of parole by reason of his possession of and attempt to cash a forged check. Following a preliminary parole revocation hearing held September 10, 1982, the hearing officer determined that there was probable cause that petitioner violated the conditions of his parole and ordered him held pending the outcome of a final revocation hearing. In a parole violation report dated September 17, 1982, the parole officer detailed the circumstances of the nature of the violation, recommended that petitioner be declared delinquent and scheduled a final parole revocation hearing. The parole officer also recommended petitioner be returned to a State correctional facility unless the parole violation was dismissed at the final hearing.

Subsequently, on September 24, 1982, a Broome County Grand Jury, considering the very same conduct which prompted the preliminary parole revocation hearing, chose not to indict petitioner on that felony charge. It determined that the evidence submitted "was not legally sufficient to establish that [petitioner] committed such crime or any other offense" and recommended his release. Because the authorities continued to detain him under the parole warrant, petitioner sought a writ of habeas corpus. Special Term, concerning itself solely with the legality of petitioner's detention, sustained the writ and petitioner was released. This appeal by respondent Hammock ensued.

The Grand Jury's subsequent dismissal of the underlying criminal charge did not render the parole detainer warrant invalid (*People ex rel. West v Vincent*, 46 AD2d 782; see *People ex rel. Natoli v Lewis*, 287 NY 478, 481). The parallel administrative proceeding continued to have viability. The detainer warrant was valid when issued, a preliminary hearing had been held and the hearing officer found probable cause to believe that the parolee had violated one or more conditions of his release. These findings have not been challenged. Petitioner's continued detention was therefore justified unless, as he contends, the Grand

Jury's action in failing to indict collaterally estopped the parole authorities from further reviewing the conduct which led to his arrest and the criminal charge being placed against him.

We conclude that collateral estoppel is not available. For the determination of an issue by one forum to be binding on another, the first forum's decision must be a final decision on the merits, the issues involved must be identical and necessarily decided, the parties must be the same or in privity and there must have been a full and fair opportunity to litigate the issue. Here, the Grand Jury's determination was neither final for purposes of collateral estoppel nor was the same issue necessarily decided by the Grand Jury.

A Grand Jury's decision not to return an indictment on the ground of insufficient legal evidence does not contain the finality requisite to the application of the doctrine of collateral estoppel (*Matter of McGrath v Gold,* 36 NY2d 406; compare CPL 210.20, subd 1, par [b] with CPL 190.75, subd 1). When a charge has been dismissed by a Grand Jury, it may be resubmitted if a court authorizes or so directs (CPL 190.75, subd 3). Since a Grand Jury decision not to indict is not a final determination that the acts alleged did not occur, dismissal of the criminal charge by the Grand Jury cannot be dispositive of the outcome of the yet to be concluded final parole revocation proceeding.

Moreover, the parole violation warrant's declaration that petitioner "has lapsed, or is probably about to lapse, into criminal ways or company", is more encompassing than the review undertaken by the Grand Jury. Comparison of the burdens of proof, a recognized method for determining whether an issue resolved by a Grand Jury is identical with the issue presented in the parole revocation hearing, demonstrates the existence of dissimilar issues (*People ex rel. Dowdy v Smith,* 48 NY2d 477, 484). A Grand Jury's conclusion not to indict can be based on either a finding that the evidence before it was legally insufficient or that there was no reasonable cause to believe that the accused committed the offense (CPL 190.75, subd 1). In determining the legal sufficiency of that evidence, the provisions of CPL article 60 governing rules of evidence in

criminal proceedings apply (CPL 190.30; *People v De Martino,* 71 AD2d 477, 482). In contrast, at a parole revocation hearing, a parole violation charge need only be supported by a preponderance of the evidence adduced (Executive Law, § 259-i, subd 3, par [f], cl [viii]). Unlike a criminal proceeding, strict adherence to the rules of evidence is not required *(People ex rel. Wallace v State of New York,* 70 AD2d 781, app dsmd 48 NY2d 1025).

Additionally, the Grand Jury's failure to indict was said to have been for insufficient legal evidence, hence lack of reasonable cause to indict was not necessarily determined in the Grand Jury proceeding. As such, that proceeding, even if it were final, would not be controlling on the Parole Board.

The judgment should be reversed, on the law, and the writ of habeas corpus dismissed, without costs.

MAHONEY, P. J., MIKOLL, WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, and writ of habeas corpus dismissed, without costs.