■ In the Matter of RICHARD J. SHAY, as District Attorney of the County of Cortland, Petitioner, v CHARLES J. MULLEN, as Cortland County Judge, Respondent. [626 NYS2d 580] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from entering an order of dismissal or other sanction in connection with a particular criminal action.

Thomas E. Ottenschot was indicted for two counts of operating a motor vehicle while under the influence of alcohol, as a felony *(see,* Vehicle and Traffic Law § 1192 [2], [3]), and for speeding *(see,* Vehicle and Traffic Law § 1180 [b]). In response to a defense motion requesting, *inter alia,* access to the breathalyzer used to test the blood alcohol level of defendant, as well as all operating manuals and training instruction manuals used by the operator of the machine, County Court rendered a decision dated December 1, 1994, modified on December 2, 1994, which did not address these requests yet determined that any relief "not specifically granted or dismissed hereinabove is dismissed at this time".

On December 7, 1994, County Court entertained oral argument concerning such decision which resulted in a conditional order of preclusion indicating that if the People did not make available for inspection the breathalyzer machine and various copies of the training and operating manuals by noon on December 9, 1994, the corresponding test results would be precluded at trial.[1] This order was entered despite the fact that the court had been previously advised that the manuals

---

1. That order directed petitioner to make a copy of the following documents available to the defendant: "1. Training manual for the radar machine used in this case; 2. Operating manual for the radar machine used in this case; 3. Training manual for the breathalyzer machine used in this case; and 4. Operating manual for the breathalyzer used in this case."

at issue were not in the custody or control of the People and that, in fact, the State Police refused to provide them. A letter from an Assistant Counsel of the State Police indicating such position with supporting case law was provided to County Court.[2]

Notably, such order was received by petitioner's office on December 8, 1994 at 3:18 P.M. In light of the position taken by the State Police and the exigencies of the circumstances, petitioner instituted the instant proceeding alleging irreparable harm since the effect of the preclusion order would so undercut the prosecution of the felony charges that a not guilty verdict would be the only conceivable outcome.

Recognizing that the provisions of CPL 450.20 do not authorize the People to appeal from County Court's order, and that in the absence of a statute expressly authorizing the taking of a criminal appeal the People have no right to appeal (see, People v Laing, 79 NY2d 166), "[t]he extraordinary remedy of prohibition does * * * lie * * * in [those] narrowly defined situations when the court is clearly exceeding its authorized powers" (Matter of Kavanagh v Vogt, 88 AD2d 1049, affd 58 NY2d 678). Despite the fact that we have previously found that the manuals which County Court ordered disclosed are confidential and not discoverable (see, Matter of Constantine v Leto, 157 AD2d 376, affd 77 NY2d 975), "the writ may be denied in the court's discretion" (Matter of Carney v Feldstein, 193 AD2d 1016, 1017; see, La Rocca v Lane, 37 NY2d 575, cert denied 424 US 968).

Here, the record is clear that the People consistently represented that the subject manuals were not in their possession and that despite its repeated requests, the State Police refused to provide them. While it may be reasonable to infer that a prosecutor would have access to materials relevant to criminal investigations which are prepared by law enforcement agencies, such inference is well overcome when access is sought to "documents which another public agency, acting in the exercise of its constitutional, statutory, or regulatory responsibilities, zealously seeks to shield from disclosure" (Matter of County of Nassau v Sullivan, 194 AD2d 236, 239). As the record is devoid of evidence indicating that the breathalyzer machine is in the possession, custody or control of the People, that portion of County Court's order concerning the inspection thereof is baseless (see, CPL 240.20 [2]). In finding no other

---

2. The record does not reflect that a subpoena duces tecum was ever issued for said manuals.

adequate remedy at law in light of the timing of the court's order as well as its impossibility of performance, we find that a writ of prohibition is warranted under the present circumstances (see, Matter of Holtzman v Goldman, 71 NY2d 564, 568).

Cardona, P. J., White, Casey and Spain, JJ., concur. Adjudged that the petition is granted, without costs, and respondent is prohibited from enforcing the order of disclosure and from entry of an order of preclusion.