OPINION OF THE COURT
Joseph Fisch, J.
*938 While on parole, petitioner parolee was arrested for an alleged sale of drugs, resulting in the revocation of his parole. The matter was then presented to a Grand Jury which returned a no true bill. He thereupon brought a writ of habeas corpus for his release contending that the Grand Jury’s refusal to indict him for said alleged drug sale, the basis of the parole violation, collaterally estopped the Parole Board from revoking his parole. Under the unique circumstances of this case, the court found in favor of petitioner parolee and ordered his release for the reasons set forth below.*
FINDINGS OF FACT
The petitioner parolee was arrested in Kings County for selling narcotics to four unapprehended individuals in a park. The arresting officer claimed he observed the petitioner parolee engage in hand-to-hand "transactions” with the four unknown buyers.
This court, with the cooperation of the Kings County District Attorney’s office and consent of petitioner parolee, obtained a certified copy of the Grand Jury minutes for examination.
The officer’s testimony before the Grand Jury, the parole authorities in the preliminary hearing, and at the final parole revocation hearing was substantially identical. Essentially, the officer testified to an "observation sale” after which the four buyers eluded apprehension. No evidence or contraband was found on the suspect, although a brown paper bag containing narcotics was on the ground in the general vicinity.
The defendant’s testimony before the Grand Jury and at all other proceedings was also essentially identical. He admitted his presence in the park, but denied engaging in any narcotics transactions, claiming he was gambling. At the time of his arrest he wore his hair in "dreadlocks” fashion, tied into two ponytails, which style characterized at least one other individual in the area at the time. The arresting officer did not dispute that there was considerable activity in the park at the time and that a number of other persons were also present.
*939 CONCLUSIONS OF LAW
"Collateral Estoppel” Mandates Petitioner Parolee’s Release
Under the unique facts of this case, the petitioner parolee’s contention is correct and therefore the writ of habeas corpus must be granted.
"Collateral Estoppel” Applies in a Subsequent Forum Only if the Parties Have Previously Litigated the Identical Issue
"Collateral estoppel”, though an "awkward phrase”, is an important principle in our adversary system of justice. This doctrine provides that, in general, identical parties, or those in privity with them, are precluded from relitigating an issue of ultimate fact already decided in another forum. (Ashe v Swenson, 397 US 436, 443 [1970].) For example, when a defendant in whose favor a partial verdict is returned claims "collateral estoppel” bars his retrial, the court must determine whether a rational jury could have based such partial verdict upon the determination of an issue other than the one purportedly in defendant’s favor. Thus, the doctrine of "collateral estoppel” is inherent in the Fifth Amendment’s protection against double jeopardy. In Ashe (supra), the defendant was charged with acting in concert with others in the robbery of six people in one incident, a poker game. Following trial, he was acquitted of robbing one of the victims and, therefore, could not be tried for the related robberies of the others allegedly perpetrated during the same poker game. Once a jury found that a reasonable doubt existed that the defendant was one of the robbers, the State could not represent the same identification evidence in the hope that another jury might find it more convincing.
"Collateral Estoppel” Requires Privity of Issues and Parties
Crucial in the application of "collateral estoppel” is privity of issues and parties. Thus, the New York Court of Appeals in People v Roselle (84 NY2d 350 [1994]) refused to rule that the Family Court’s finding of neglect but not abuse precluded a District Attorney from prosecuting the child’s father for criminal assault. In so holding, the Court noted that the Family Court’s duty was to protect the child and if possible work toward the future rehabilitation of the family. By contrast, in a criminal proceeding the State is primarily concerned with the determination of the guilt of the accused. If the trial jury finds a defendant’s guilt proven beyond a reasonable doubt, the *940 sentence imposed is designed to punish the defendant and advance general deterrence, not simply protect the individual victim.
District Attorney and Parole Board Ordinarily Not in Privity
Thus, when a defendant appears before the Parole Board for a hearing on an alleged violation, it is an administrative proceeding, not a criminal trial. The parole authorities have the burden of proving the defendant’s alleged misconduct only by a preponderance of the evidence.
By contrast, the purpose of a criminal trial is to determine the guilt of the defendant and the prosecution has the burden of proving such guilt beyond a reasonable doubt. Therefore, ordinarily, a finding by a Parole Board has no effect upon a subsequent criminal prosecution and vice versa. (See, People ex rel. Singletary v Dalsheim, 84 AD2d 553 [2d Dept 1981], Iv denied 55 NY2d 603 [1981]; see also, e.g., People ex rel. Matthews v Division of Parole, 58 NY2d 196, 202-203 [1983].)
Grand Jury Proceedings Ordinarily Do Not Involve Adjudication of Ultimate Fact
In the usual case, a Grand Jury’s refusal to indict would not collaterally estop revocation of parole based on the same allegations previously before the Grand Jury. (People ex rel. Pickett v Ruffo, 96 AD2d 128 [3d Dept 1983].) In Pickett (supra), the Grand Jury did not indict the defendant because the People failed to adduce legally sufficient evidence that the defendant forged a check or knowingly possessed one. When a Grand Jury refuses to indict because the People did not prove their case, that body does not make a final determination of any issue of ultimate fact.
The Case at Bar Did Involve an Issue of Ultimate Fact Determined in the Grand Jury; “Collateral Estoppel” Therefore Precluded Subsequent Parole Revocation
The case at bar is not the usual case. The court’s research has failed to unearth any reported New York case directly in point. Significantly, in 1979, the New York Court of Appeals in People ex rel. Dowdy v Smith (48 NY2d 477 [1979]) held the Parole Board collaterally estopped from revoking parole based on a defendant’s sale of narcotics because a trial jury earlier acquitted him on the ground he had proven the affirmative *941 defense of entrapment by the required preponderance of evidence.
While this case is factually distinguishable from Dowdy (supra), the essential issue is identical. In Dowdy the trial jury believed the defendant when he testified he was entrapped. Consequently, it would be fundamentally unfair to permit the Parole Board to relitigate this issue. Although the Appellate Division, Third Department, in Pickett v Ruffo (supra) emphasized that a Grand Jury’s determination is generally not final because the People may apply to re-present, there was and will be no re-presentment herein. Accordingly, this Grand Jury’s decision did decide an issue of ultimate fact and "collateral estoppel” must be applied. The court ordered the release of this defendant as mandated under the State and Federal constitutional guarantees that no person shall be twice placed in jeopardy and that every person must be afforded fundamental fairness in any proceeding in which life, liberty or property are at risk. (US Const 5th, 14th Amends; NY Const, art I, § 6.)
There is no question that the People proved to this Grand Jury that the seized paper bag contained narcotics. A properly certified laboratory report was duly introduced into evidence attesting that the substances in the bag contained narcotics. The only issue in the case was the identity of the seller. The petitioner parolee testified that the officer had made a mistake. The officer observed petitioner parolee from a distance but he did not interact with him face to face. The Grand Jury minutes establish beyond a reasonable doubt that the Grand Jury credited the defendant’s version and rejected that of the arresting officer. The Grand Jury herein could only have refused to indict because they believed the arresting officer was mistaken or not truthful and believed that petitioner parolee testified truthfully that he never sold narcotics. Accordingly, the réfusal of the Grand Jury to indict involved the determination of an issue of ultimate fact. Therefore, the doctrine of "collateral estoppel” inherent in the constitutional protection against double jeopardy and right to due process of law precludes the Parole Board from relitigating such issue.
The Court’s Jurisdiction in this Case is Limited to an Issue of Law
The sole issue before this court was a legal one. The court’s opinion of petitioner parolee’s credibility is irrelevant since that issue is outside this court’s jurisdiction under the facts *942 herein. Therefore, defendant-petitioner’s application for a writ of habeas corpus must be granted.

 Petitioner parolee’s writ was granted on March 26, 1996 in a short-form decision. This decision incorporates, in detail, the court’s findings of fact and conclusions of law.