■ In the Matter of RICHARD A. BROWN, as District Attorney of Queens County, Petitioner, v MARTIN J. SCHULMAN, as Justice of Supreme Court, Queens County, et al., Respondents. [664 NYS2d 454] —Proceeding pursuant to CPLR article 78 to prohibit the respondent Martin J. Schulman, a Justice of the Supreme Court, Queens County, from enforcing an order of the same court dated April 9, 1997, precluding the petitioner from introducing any evidence which would have been the subject of a *Mapp/Dunaway* hearing at the trial in a criminal action entitled *People v Emanuel Knowlin,* under Queens County Indictment No. 12131/96.

Adjudged that the petition is granted, without costs or disbursements, and the respondent Justice is prohibited from enforcing the order of preclusion dated April 9, 1997, in the criminal action entitled *People v Emanuel Knowlin,* under Queens County Indictment No. 12131/96.

The respondent Justice issued his order of preclusion based on a perceived "flagrant misrepresentation" by the People that a witness would be available for a *Mapp/Dunaway* hearing. The record reveals that the People announced that they were ready for that hearing on April 8, 1997, but when the matter was adjourned to the following day, the People indicated that their witness was unavailable.

The remedy of prohibition is available in the instant proceeding since the action taken by the respondent Justice "did not involve merely a legal error, but the power of the court itself" (*Matter of Holtzman v Marrus,* 146 AD2d 773, *revd on other grounds* 74 NY2d 865; *see, Matter of Shay v Mullen,* 215 AD2d 935). Moreover, under the circumstances herein, the remedy of prohibition is warranted to enjoin enforcement of the nonappealable order of preclusion (*see,* CPL 450.20). Contrary to the conclusion reached by the Supreme Court, we find no evidence that the People were acting in bad faith or without diligence in securing the witness's presence on the scheduled hearing date. It appears that the People were unaware that the witness would be unavailable at the time the matter was adjourned, and the People merely requested a short continuance. Under

these circumstances, the respondent Justice exceeded his authority by taking such action which for practical purposes terminated the underlying criminal prosecution (*see, Matter of Holtzman v Marrus, supra,* at 773). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.