■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D. WEST, Appellant. [725 NYS2d 704] —Cardona, P. J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 29, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Following defendant's 1998 convictions of assault in the second degree, attempted assault in the second degree and endangering the welfare of a child, all related to his abuse of a former domestic partner and their child, he was sentenced to, *inter alia,* five years' probation (*People v West*, 271 AD2d 806,

*lv denied* 95 NY2d 893). On October 1, 1999, defendant was charged with numerous felonies and misdemeanors alleging several abusive acts towards a different female victim. As a result of these specific charges, the Probation Department filed a violation petition on or about October 6, 1999. Subsequently, on November 30, 1999, the Grand Jury did not return an indictment against defendant. On December 2, 1999, defendant's probation officer filed an amended petition alleging that defendant violated the conditions of his probation requiring that he report to his probation officer, "[a]void injurious and vicious habits" and "refrain from any and all intimidating, threatening and abusive behavior by any means." Specifically, it was alleged that defendant verbally and physically assaulted the victim on four separate occasions in June, July, August and October 1999. Following a hearing, County Court found defendant in violation of the terms of his probation and sentenced him to a prison term of 1½ to 3 years, resulting in this appeal.

We affirm. Initially, we are unpersuaded by defendant's contention that the doctrine of collateral estoppel barred the revocation of his probation based upon the same allegations of abuse because the underlying criminal charges resulted in a "no bill" by the Grand Jury. In our view, the dismissal of charges by a Grand Jury does not preclude a subsequent revocation of probation based on the same facts (*see generally*, *Matter of McWhinney v Russi*, 228 AD2d 980; *People ex rel. Pickett v Ruffo*, 96 AD2d 128). Contrary to defendant's argument, the Grand Jury's failure to indict is not tantamount to an acquittal. Instead, "[a] Grand Jury's decision not to return an indictment on the ground of insufficient legal evidence does not contain the finality requisite to the application of the doctrine of collateral estoppel" (*People ex rel. Pickett v Ruffo, supra*, at 130; *see*, *People v Moore [Fox]*, 142 AD2d 895, *lvs denied* 73 NY2d 786, 788). Consequently, the doctrine of collateral estoppel does not apply herein.

Turning to defendant's remaining arguments, we find them to be unpersuasive. First of all, "[a] finding that the defendant has violated a condition of his sentence must be based upon a preponderance of the evidence" (CPL 410.70 [3]). Here, there was ample evidence adduced at the hearing to find that defendant was in violation of his probation (*see*, *People v Barber*, 280 AD2d 691, 694). In that regard, there is no basis for defendant's claim that County Court did not sufficiently take into account his claims of justification or self-defense.

Defendant further contends that the People's failure to provide him with a copy of the Grand Jury transcript violated

the *Rosario* rule. However, the record demonstrates that, due to the fact that the Grand Jury proceeding resulted in a "no bill," there was no need for the prosecution to order a transcript of the proceeding since there would be no trial. Therefore, this is not a situation where the People are required to make available "[a]ny written or recorded statement, [including Grand Jury testimony] * * * made by a person whom the prosecutor intends to call as a witness at trial" (CPL 240.45 [1] [a]). The prosecution is not mandated to order a transcript under these circumstances. Thus, "[h]aving had no immediate access of their own to the statements * * * the People cannot be held responsible for a failure to turn [testimony] over to defendant" (*People v Fishman*, 72 NY2d 884, 886 [citation omitted]; *see, People v Kelly*, 88 NY2d 248, 251-253).

Finally, given, *inter alia*, the fact that defendant was found to have committed the same type of misconduct on probation that led to his underlying felony conviction, we find no reason to disturb the sentence imposed.

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).