■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHAWN TERRY, Appellant. [830 NYS2d 659]—

Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered September 30, 2005, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

After an *Outley* hearing (*People v Outley*, 80 NY2d 702 [1993]), the court properly imposed an enhanced sentence based on defendant's serious misconduct, in violation of his plea agreement, between the time of the plea and the time of sentencing. The sentencing court found that the misconduct had been established by a preponderance of the evidence at the *Outley* hearing, and the fact that the grand jury had declined to indict defendant for the same conduct does not preclude the enhanced sentence (*see People v Janick*, 186 Misc 2d 1, 7 [2000], *affd* 288 AD2d 885 [2001], *lv denied* 97 NY2d 755 [2002]). "Contrary to defendant's argument, the Grand Jury's failure to indict is not tantamount to an acquittal." (*People v West*, 283 AD2d 721, 722 [2001], *lv denied* 96 NY2d 836 [2001]). "A Grand Jury's decision not to return an indictment on the ground of insufficient legal evidence does not contain the finality requisite to the application of the doctrine of collateral estoppel . . . . Since a Grand Jury decision not to indict is not a final determination that the acts alleged did not occur, dismissal of the criminal charge by the Grand Jury cannot be dispositive of the outcome of [another] proceeding" (*People ex rel. Pickett v Ruffo*, 96 AD2d 128, 130 [1983], citing, inter alia, *Matter of McGrath v Gold*, 36 NY2d 406 [1975]; *see also People v Rodriguez*, 261 AD2d 111 [1999], *lv denied* 93 NY2d 978 [1999]; *People v Estes*, 202 AD2d 516 [1994], *lv denied* 84 NY2d 825 [1994]). Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.