In the Matter of EDWARD C. COSGROVE, as Special District Attorney of Chautauqua County, Petitioner, v JOHN T. WARD, JR., as Chautauqua County Court Judge, et al., Respondents. [850 NYS2d 769]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondent John T. Ward, Jr., Chautauqua County Court Judge, from enforcing an order dated March 21, 2007 precluding petitioner from offering certain evidence at a trial.

It is hereby ordered that the petition is unanimously granted without costs and judgment is granted in favor of petitioner as follows: "It is ADJUDGED that respondent John T. Ward, Jr., Chautauqua County Court Judge, is prohibited from enforcing the order dated March 21, 2007 under Chautauqua County indictment No. 04-602."

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to prohibit respondent John T. Ward, Jr., Chautauqua County Court Judge, from enforcing an order precluding petitioner from offering certain evidence at the trial of respondent Michael J. Watson. After the dismissal of certain counts in indictment No. 04-602 based on the legal insufficiency of the evidence before the grand jury (*People v Watson*, 32 AD3d 1199 [2006], *lv denied* 7 NY3d 929 [2006]), the remaining charges against Watson included four counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a], [2]) and one count each of official misconduct (§ 195.00 [1]) and stalking in the fourth degree (§ 120.45 [1]). As part of his omnibus motion, Watson sought a bill of particulars from the People. The People provided only some responses, stating that there was ample specificity of the crimes charged in the indictment and that Watson was provided with fair notice of the charges against him so as to enable him to answer and to prepare a defense. Watson thereafter moved in limine, inter alia, to preclude certain evidence that he anticipated would be offered by the People on the ground that the People's bill of particulars provided little or none of the information that he requested, including "such things as precise times, dates, locations . . .[,] [the] substance of unwelcome conversations . . . [and] phone calls or e-mails." By order dated March 21, 2007, Judge Ward granted that part "of [Watson's] motion to preclude the People from offering into evidence at trial any conversations between [Watson] and either victim, including personal conversation, telephone conversation or e-mail message."

We agree with petitioner that this proceeding is the proper vehicle for the relief sought, i.e., a writ of prohibition, and that petitioner established his entitlement to that relief (*see Matter of Holtzman v Goldman*, 71 NY2d 564, 568-570 [1988]). Judge Ward acted in excess of his authorized powers in granting that part of Watson's motion in limine to preclude the People from offering certain evidence at trial based on the alleged insufficiency of the bill of particulars (*see generally id.* at 569). Watson instead should have moved to compel the People to provide responses to his request for a bill of particulars pursuant to CPL 200.95 (5). Alternatively, Watson could have moved to dismiss

the indictment for failure to meet the requirements of CPL 200.50 (*see* CPL 210.20 [1] [a]; 210.25 [1]; *People v Cohen*, 52 NY2d 584, 587 [1981]; *see also People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Edkin*, 210 AD2d 808, 809 [1994], *lv denied* 85 NY2d 937 [1995]). Even assuming, arguendo, that Watson had made either of those motions, we nevertheless would conclude that they should have been denied. Although a court may preclude certain evidence when the People have failed to serve a written refusal to comply with a defendant's request for a bill of particulars (*see* CPL 200.95 [5]; 240.70 [1]), there is no provision in CPL 200.95 (5) for the remedy of preclusion where, as here, the People have served a written refusal to comply with part of the defendant's request for a bill of particulars. In addition, the indictment could not be dismissed as defective pursuant to CPL 210.20 (1) (a) because, as supplemented by the bill of particulars, it "provided [Watson] with sufficiently specific information as to the manner, time, and place of the crimes charged" (*People v Eun Sil Jang*, 17 AD3d 693, 694 [2005]; *see generally People v Morris*, 61 NY2d 290, 294 [1984]). Petitioner's only remedy by which to challenge the act of Judge Ward in granting Watson's motion in part is to seek a writ of prohibition (*see* CPL 450.20; *Matter of Mollen v Mathews*, 269 AD2d 42, 46-47 [2000]). Judge Ward in effect terminated the case because, without evidence of any conversations between Watson and either victim, the People are unable to prove the charges (*see generally id.*). "[A]n order that prevents a District Attorney from prosecuting a pending indictment interferes with a clear legal right" (*id.* at 47).

We therefore grant the petition and grant judgment in favor of petitioner accordingly. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.