[47 NYS3d 314]

In the Matter of DARCEL D. CLARK, Petitioner, v APRIL A. NEWBAUER, as Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, February 21, 2017

**APPEARANCES OF COUNSEL**

*Darcel D. Clark, District Attorney*, Bronx (*Rafael Curbelo* of counsel), for petitioner.

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Jeremy R. Davidson* of counsel), for Ronnell Joseph, respondent.

**OPINION OF THE COURT**

GISCHE, J.

The People seek a writ of prohibition enjoining enforcement of the trial court's December 12, 2016 ruling* in the case *People v Ronnell Joseph*, precluding them from introducing at trial any evidence about a firearm. The court ruled that the grand jury's vote to dismiss certain charges against the defendant was entitled to collateral estoppel effect, resulting in the preclusion. In accordance with the multilevel analysis required in evaluating the People's challenge to the trial court's ruling, we hold that the issue raised is reviewable by this Court as an excess of the trial court's authority and we exercise our discretion to review the ruling. Upon review, we grant the writ of prohibition.

By indictment number 1245/2015, filed on May 5, 2015, a Bronx County Grand Jury charged the defendant with the crimes of robbery in the third degree (Penal Law § 160.05), two counts of grand larceny in the fourth degree (Penal Law § 155.30 [5]), and petit larceny (Penal Law § 155.25), all in connection with an incident that occurred on February 28, 2015. The following charges, also presented to the grand jury based on the same incident, were dismissed: robbery in the first degree (Penal Law § 160.15 [4]) and menacing in the second degree (Penal Law § 120.14 [1]).

The complainant's testimony before the grand jury consisted of the following facts: before the incident, the complainant and the defendant had known each other for more than 30 years. On February 28, 2015, at about 9:00 p.m., the complainant was giving the defendant a ride home from a convention they had both attended. The defendant told the complainant to pull the car over at the corner of Nereid and Monticello Avenues in the Bronx. Once they stopped, the defendant removed a small black pistol with a pearl handle from his right coat pocket and pointed it at the complainant's midsection. The defendant then told the complainant, "You know what this is," before reaching to grab a gold chain and medallion worth about $7,500 from the complainant's neck. The complainant did not testify to any resulting injury. The defendant also demanded that the complainant turn over the money in his pocket. The complainant, fearing for his life, handed the defendant approximately $800 in cash. After the chain was taken and the money handed

---

* The December 12, 2016 ruling on the record was memorialized in an order entered December 16, 2016.

over, and while the gun was still pointed at the complainant, the defendant stated, "God forgive me what I'm about to do." The defendant exited the car, after which the complainant drove away and called 911.

The defendant also testified before the grand jury. He denied having a gun or any item that appeared to be a gun, or displaying what appeared to be a gun, on the day of the incident. No gun or any item that appeared to be a gun was ever recovered in this case.

Insofar as relevant here, the prosecutor charged the grand jury on the elements of robbery in the first degree and robbery in the third degree. The grand jury returned a true bill on the charge of robbery in the third degree, but dismissed the charge of robbery in the first degree. Before trial, defendant moved in limine to preclude any testimony about the gun, arguing that the grand jury's dismissal of the charge of robbery in the first degree was necessarily a rejection of the disputed factual claim that he had displayed what appeared to be a firearm during the incident. The People, in presenting the charge of first-degree robbery to the grand jury, relied on Penal Law § 160.15 (4) which provides:

> "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . .
>
> "[d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

The charge of robbery in the third degree (Penal Law § 160.05) provides: "A person is guilty of robbery in the third degree when he forcibly steals property."

The trial court held that in dismissing the charge of robbery in the first degree, the grand jury necessarily found that the defendant had not displayed what appeared to be a pistol or other firearm. Relying on the doctrine of collateral estoppel, the trial court precluded the People from making any evidentiary reference to a gun at trial. The ruling prevents the People from proving the element of force required for third-degree robbery by making reference to a gun. The People contend that the trial court improperly applied collateral estoppel to a nonfinal determination (that of the grand jury). The defendant argues that the ruling was legally correct, but even if it were

erroneous, the writ of prohibition sought from this Court is not available to correct what is, at most, a legal error. Justice Newbauer has elected, pursuant to CPLR 7804 (i), not to appear in this proceeding.

A writ of prohibition is an extraordinary remedy, only available to prevent a court from either acting without jurisdiction or in excess of its authorized powers in a proceeding over which it otherwise has jurisdiction (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *Matter of Johnson v Sackett*, 109 AD3d 427 [1st Dept 2013], *lv denied* 22 NY3d 857 [2013]). Prohibition is not available to review mere errors of law, even when the errors are truly egregious (*Matter of Johnson v Price*, 28 AD3d 79, 81 [1st Dept 2006]).

■ "Although the distinction between legal errors and actions [made] in excess of [authority] is not always easily made, abuses of power may be identified by their impact upon the entire proceeding as distinguished from an error in a proceeding itself" (*Matter of Holtzman*, 71 NY2d at 569). The trial court's ruling in this case was an error that affected the entire proceeding and thus constituted an excess of the court's authority. The ruling prevents the People from proving the element of force required under third-degree robbery because the gun was the only evidence of force that was presented to the grand jury. The People cannot present different facts at trial in support of the indictment (*see* CPL 200.70). Although the court did not actually dismiss the third-degree robbery charge, the charge cannot withstand a claim of legal insufficiency, because there are no other facts on which the prosecution can rely to prove force, a necessary element of the charge. While a gun is not the only proof that would satisfy the forcible element required for robbery in the third degree (*see e.g. People v Jorge*, 71 AD3d 604 [1st Dept 2010], *lv denied* 15 NY3d 893 [2010] [use of mace]; *People v Gonzalez*, 60 AD3d 447 [1st Dept 2009], *lv denied* 12 NY3d 915 [2009] [kicking, pushing, fighting]), in this case there was simply no other evidence presented to the grand jury that could separately satisfy the element. Merely grabbing or snatching stolen property, without more, will not satisfy this element (*see e.g. People v Harvey*, 117 AD3d 873 [2d Dept 2014], *lv denied* 23 NY3d 1037 [2014] [verdict was against weight of evidence where victim's purse was taken from her, but there was no evidence of use or threat of use of physical force]; *People v Simmons*, 31 AD3d 1051 [3d Dept 2006], *lv denied* 7 NY3d 929 [2006] [swelling and red burn-like marks on victim's neck,

together with proof that defendant jerked wallet from lanyard around victims neck established requisite physical force]; *People v Dobbs*, 24 AD3d 1043 [3d Dept 2005] [third-degree robbery was not established by evidence that defendant tugged and grabbed victim's purse and ran]; *People v Henry*, 204 AD2d 187 [1st Dept 1994], *lv denied* 84 NY2d 826 [1994] [third-degree robbery established where defendant took complainant's gold chain and threatened to punch complainant in the face]; *People v Rivera*, 160 AD2d 419 [1st Dept 1990], *lv denied* 76 NY2d 1024 [1990] [third-degree robbery established where defendant forcibly yanked four chains from victim's neck, breaking the clasps, and hit her chest in the process]). Contrary to the trial court's reasoning, the defendant's recitation of a biblical passage only after the property was taken, while remorseful, was not threatening in itself. What made it threatening was the continued presence of a gun.

A writ of prohibition will lie where a trial court's erroneous ruling affects the proceeding in a conclusive manner, by terminating the case (*Matter of Holtzman*, 71 NY2d at 570). At bar, although the ruling did not actually terminate the case, it effectively terminated the ability of the People to prosecute the highest count in the indictment (*see Matter of Cosgrove v Ward*, 48 AD3d 1150 [4th Dept 2008]; *Matter of Shay v Mullen*, 215 AD2d 935 [3d Dept 1995]). We therefore find that the court's ruling is reviewable by way of a writ of prohibition.

Even where, as here, the remedy of prohibition is available, the decision to prohibit is still a matter within this Court's discretion (*Matter of Holtzman*, 71 NY2d at 569; *Matter of Neal v White*, 46 AD3d 156, 159 [1st Dept 2007]). Extraordinary remedies, including prohibition, will not lie if there is an available remedy at law (*Matter of State of New York v King*, 36 NY2d 59, 62 [1975]). If, however, the ruling is not reviewable, that is an important consideration but alone may not necessarily provide a basis for reviewing errors by way of a collateral proceeding (*id.* at 62). The preclusion order challenged in this petition is not appealable, and absent the granting of this writ, the prosecution has no remedy or way to obtain appellate review (*see Matter of Johnson v Sackett*, 109 AD3d 427, 431 [1st Dept 2013], *supra*). Additionally, the underlying issue regarding collateral estoppel in criminal proceedings remains a complex issue of ongoing and recent relevant legal concern, warranting our consideration (*see e.g. Bravo-Fernandez v United States*, 580 US —, 137 S Ct 352 [2016]; *People v Ortiz*, 26

NY3d 430 [2015]). It is for these reasons that we exercise our discretion to reach the legal issue underlying this petition.

We hold that the trial court should not have given collateral estoppel effect to the grand jury vote to dismiss the charge of robbery in the first degree.

"The doctrine of collateral estoppel originated in civil litigation as a means of ensuring the swift and peaceful resolution of disputes" (*Ortiz*, 26 NY3d at 435). "It applies in criminal prosecutions to bar relitigation of issues resolved in a defendant's favor at an earlier trial" (*id.* at 437; *People v O'Toole*, 22 NY3d 335 [2013]; *People v Acevedo*, 69 NY2d 478 [1987]). The following factors must be present in order for the doctrine to apply. There must be an identity of the parties (*People v Berkowitz*, 50 NY2d 333, 345 [1980]; *People v McGriff*, 130 AD2d 141, 149-150 [1st Dept 1987]). There must also be an identity of the issues involved (*People ex rel. Dowdy v Smith*, 48 NY2d 477, 482 [1979]). A final judgment on the merits must have resolved the particular issue in question only after the parties had a full and fair opportunity to litigate such issue (*People v Sailor*, 65 NY2d 224, 229 [1985], *cert denied* 474 US 982 [1985]; *see also Matter of McGrath v Gold*, 36 NY2d 406, 411 [1975]).

The Court of Appeals has recognized, however, that for policy reasons collateral estoppel is not as liberally applied in criminal prosecutions as in civil actions (*Acevedo*, 69 NY2d at 485). The rigid application of collateral estoppel must yield to society's preeminent and overwhelming interest in ensuring the correctness of determinations of guilt or innocence (*Ortiz*, 26 NY3d at 436; *Sailor*, 65 NY2d at 228; *People v Plevy*, 52 NY2d 58, 64 [1980]). "Thus, [if] . . . collateral estoppel 'cannot practicably be followed if a necessary witness is to give truthful testimony, then [the doctrine] should not be applied' " (*Ortiz*, 26 NY3d at 436, quoting *O'Toole*, 22 NY3d at 339 ).

■ In this case, collateral estoppel does not preclude evidence of a gun at trial because the decision by the grand jury to dismiss a charge is not a final adjudication. It is not a proceeding designed to give the parties a full and fair opportunity to litigate issues. All four departments of the Appellate Division have considered the issue of whether a grand jury vote is entitled to collateral estoppel effect. They have all concluded that it is not, because grand jury action is not final (*see People v Terry*, 38 AD3d 297 [1st Dept 2007], *lv denied* 9 NY3d 927 [2007]; *People v Stokes*, 247 AD2d 919 [4th Dept

1998], *lv denied* 91 NY2d 977 [1998]; *People v Estes*, 202 AD2d 516 [2d Dept 1994], *lv denied* 84 NY2d 825 [1994]; *People ex rel. Pickett v Ruffo*, 96 AD2d 128 [3d Dept 1983]). A charge dismissed by a grand jury lacks finality because the same charge may be resubmitted to the grand jury if a court authorizes or so directs (CPL 190.75; *Ruffo*, 96 AD2d at 130). A new charge may also be presented to the grand jury on the same or similar facts without prior court approval (*People v Rodriguez*, 261 AD2d 111, 113 [1st Dept 1999], *lv denied* 93 NY2d 978 [1999]). " 'Since a Grand Jury decision not to indict is not a final determination that the acts alleged did not occur, dismissal of the criminal charge by the Grand Jury cannot be dispositive of the outcome of [another] proceeding' " (*Terry*, 38 AD3d at 297, quoting *Ruffo*, 96 AD2d at 130). This reasoning is also in keeping with our understanding that "[a] Grand Jury proceeding is not a mini trial, but a proceeding convened primarily to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to a criminal prosecution" (*see People v Thompson*, 22 NY3d 687, 697 [2014] [internal quotation marks omitted]). It is not a forum designed for the full litigation of disputed issues. We reject defendant's argument that because the burden on the prosecution to get an indictment is less than would be required to obtain a conviction at trial, a grand jury vote in favor of a defendant is entitled to collateral estoppel effect. This argument disregards the fact that the process itself, with its lack of finality, different standards of proof, only one side presenting, no presiding judge, and no rights of appeal, is fundamentally a different procedure with a different objective than a trial.

Additionally, the rigid application of collateral estoppel in this case must give way to the societal interest in having the complainant testify truthfully at trial. The grand jury decision to indict on third-degree robbery but dismiss on first-degree robbery is inconsistent because the presence of the gun was offered in support of each of the two charges. It is, therefore, unknowable which version of facts the grand jury believed when it dismissed first-degree robbery while also permitting prosecution on third-degree robbery. The seemingly inconsistent grand jury finding weighs heavily against according the dismissal preclusive effect (*see Bravo-Fernandez*, 580 US at —, 137 S Ct at 364). The trial court relied too heavily on *Acevedo* (69 NY2d 478), which is distinguishable. In *Acevedo*, the Court

held that an acquittal after trial on first-degree robbery, based on the display of a firearm, collaterally estopped the People from prosecuting second-degree robbery based upon the same gun. The acquittal occurred after trial and was not a dismissal based on grand jury action. Morever, in contrast to this case, in *Acevedo*, there were facts other than the presence of the gun to support the second-degree robbery charge. Thus, the jury action of acquittal on first-degree robbery would not necessarily be inconsistent with a conviction on second-degree robbery.

Accordingly, the petition pursuant to CPLR article 78 for a writ of prohibition should be granted, without costs, and respondent Justice prohibited from enforcing the order of Supreme Court, Bronx County, entered December 16, 2016.

FRIEDMAN, J.P., SAXE and KAPNICK, JJ., concur.

Petition pursuant to CPLR article 78 granted, and respondent Justice is prohibited from enforcing the order of Supreme Court, Bronx County, entered on or about December 16, 2016. Justice Newbauer has elected, pursuant to CPLR 7804 (i), not to appear in this proceeding.