Advanced Alternative Media, Inc. v Hindlin (2023 NY Slip Op 05181)

Advanced Alternative Media, Inc. v Hindlin

2023 NY Slip Op 05181

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Oing, J.P., Moulton, Shulman, Higgitt, JJ. 

Index No. 655916/18 Appeal No. 780 Case No. 2022-04939 

[*1]Advanced Alternative Media, Inc., Plaintiff-Respondent,
v
Jacob Kasher Hindlin, Defendant-Appellant.

Foster Garvey PC, New York (Eryn Karpinski Hoerster of counsel), for appellant.
Dorf Nelson & Zauderer LLP, New York (Mark C. Zauderer of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered September 16, 2022, which granted plaintiff's motion for summary judgment as to liability on its breach of contract claim, unanimously affirmed, with costs.
Contrary to defendant's argument, the documentary proof submitted by plaintiff was admissible, because an attorney affirmation, in addition to the contract between the parties and related documents, are properly submitted in support of a summary judgment motion, "regardless of whether the attorney had first-hand knowledge of the underlying facts" (De-Spec, Inc. v Sadick, 147 AD3d 425, 425 [1st Dept 2017], citing Olan v Farrell Lines, 64 NY2d 1092, 1093 [1985]).
Defendant's argument that plaintiff failed to make a prima facie showing of its own performance under the parties' management agreement (see Lebedev v Blavatnik, 193 AD3d 175, 182 [1st Dept 2021]), is unavailing. The record demonstrates that plaintiff performed under the agreement, and defendant's answer did not allege with any specificity how plaintiff failed to do so (CPLR 3015[a] [requiring that "[a] denial of performance or occurrence shall be made specifically and with particularity"]). To the extent defendant argues that plaintiff's alleged disloyalty affected its performance, Supreme Court correctly determined that defendant was collaterally estopped from raising this argument (see Matter of Clark v Newbauer, 148 AD3d 260, 266 [1st Dept 2017]). In a prior action, this Court affirmed Supreme Court's dismissal of defendant's negligence and breach of fiduciary duty claims against plaintiff on the grounds that defendant failed to allege that plaintiff owed a duty to him independent of the management agreement (Hindlin v Prescription Songs LLC, 192 AD3d 480 [1st Dept 2021]).
Even considering the merits of defendant's argument that there was a conflict of interest given plaintiff's management of and business dealings with nonparty Prescription Songs LLC, defendant was aware that his management agreement with plaintiff was not exclusive, that plaintiff's representative was going to "take the lead" on resolving defendant's dispute with Prescription, and that there was no allegation that anyone objected to plaintiff attempting to resolve the issue or negotiate on defendant's behalf despite the known relationship with Prescription. It was also undisputed that
defendant retained independent counsel during negotiations of the agreement at issue in the dispute between defendant and Prescription.
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023