Matter of Rocah v McCarthy
2026 NY Slip Op 03967
June 24, 2026
Appellate Division, Second Department
Quirk
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Miriam E. Rocah, etc., petitioner- respondent,
v
Eileen Songer McCarthy, appellant, et al., respondents. APPEAL by Eileen Songer McCarthy, in a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of (1) an order of the New Rochelle City Court (Matthew J. Costa, J.) dated January 14, 2022, issued in an action entitled People Molina, pending in that court under Docket No. CR-3495-21, and (2) an order of the same court dated April 4, 2022, issued in an action entitled People Serrano, pending in that court under Docket No. CR-5661-21, from a judgment of the Supreme Court (Susan Cacace, J.), dated January 30, 2023, and entered in Westchester County. The judgment granted the petition.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-02319, (Index No. 1356/22)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Aaron Zucker of counsel), for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel), for petitioner-respondent.

MOTION by the petitioner to dismiss the appeal from so much of the judgment as granted that branch of the petition which was to prohibit the enforcement of the order dated April 4, 2022, issued in the action entitled People v Serrano, pending in the New Rochelle City Court under Docket No. CR-5661-21, on the ground that it has been rendered academic. By decision and order on motion of this Court dated April 9, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Quirk, J.

[*1]
OPINION & ORDER
This appeal presents the question of whether a court's preclusion of evidence as a sanction pursuant to CPL former 245.80(1)(a) constitutes an arrogation of power for which the extraordinary remedy of prohibition is available. We hold that under the circumstances presented here, a writ of prohibition does not lie. For the purposes of this case, any erroneous determination by the New Rochelle City Court constituted an error of law related to the proper purpose of the criminal action, rather than an unlawful use or abuse of the entire action for which the remedy of prohibition would be available.
I. Factual and Procedural Background
In 2022, the petitioner, Miriam E. Rocah, at the time the District Attorney of Westchester County, commenced this proceeding against, among others, Matthew J. Costa, a then Judge of the New Rochelle City Court, pursuant to CPLR article 78 in the nature of prohibition to prohibit, among other things, the enforcement of an order dated January 14, 2022 (hereinafter the order of preclusion), issued in an action entitled People v Molina, pending in the New Rochelle City Court under Docket No. CR-3495-21 (hereinafter the underlying action). In the underlying action, [*2]the respondent Michael Molina had been charged with, among other things, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3). The order of preclusion precluded the petitioner from proffering the testimony of a New York State trooper who arrested Molina and from using any evidence procured by that State trooper in the underlying action, based upon a determination that Molina was prejudiced by the People's untimely disclosure of certain impeachment evidence with respect to the State trooper (see CPL former 245.80[1][a]).
In a judgment dated January 30, 2023, the Supreme Court granted the petition. The court determined that the record lacked "any indication that [Molina] had made (or had attempted to make) any showing of resultant prejudice or bad faith by the petitioner in connection with her delayed discovery disclosure" and that the sanction of preclusion "represented impermissible, legally incorrect and otherwise unavailable action taken by [Costa] in excess of his authority defined by controlling jurisprudence." The court further determined that the order of preclusion would "effectively prevent the prosecution from presenting all potential evidence of [Molina's] alleged criminal responsibility for the violations of the Vehicle and Traffic Law (VTL) charged in the Molina matter" and thereby "effectively terminate[d] the ability of the petitioner to prosecute all of the crimes charged." The court determined that the "significance of the impact of these erroneous rulings upon the petitioner is sufficient to establish the petitioner's clear legal right to the remedy of prohibition in this case, and further leads this [c]ourt to conclude that prohibition does lie."
Costa appealed. During the pendency of the appeal, Costa resigned from his position as a Judge of the New Rochelle City Court, and New Rochelle City Court Judge Eileen Songer McCarthy thereafter presided over the underlying action. In a decision and order on motion dated April 9, 2025, this Court granted a motion by McCarthy to the extent that McCarthy was substituted as the appellant in place of Costa, and the caption was amended accordingly.
II. Relevant Law
A. Writ of Prohibition
A writ of prohibition is an extraordinary remedy available "'only where there is a clear legal right' to such relief and 'only when a court (if a court is involved) acts or threatens to act without jurisdiction'" or, as relevant here, "'exceeds its authorized powers in a proceeding over which it has jurisdiction'" (Matter of Brown v Blumenfeld, 103 AD3d 45, 54, quoting Matter of State of New York v King, 36 NY2d 59, 62; see CPLR 7803[2]). "In essence, prohibition is available only in 'those rare circumstances where an arrogation of power would justify burdening the judicial process with collateral intervention and summary correction'" (Matter of Brown v Blumenfeld, 103 AD3d at 54, quoting Matter of Rush v Mordue, 68 NY2d 348, 354).
In adjudicating a petition seeking a writ of prohibition, this Court must engage in a two-tiered analysis (see Matter of Holtzman v Goldman, 71 NY2d 564, 568). The first question is whether the issue presented is the type for which the remedy of prohibition lies (see Matter of Brown v Blumenfeld, 89 AD3d 94, 102). If prohibition lies, then this Court must consider whether to exercise its discretion to grant that remedy (see id.).
In determining whether a writ should issue for the purpose of restraining a lower court from exceeding its authorized powers in a proceeding over which it has subject matter jurisdiction, "it is crucial to distinguish between an error in procedure or substantive law during a litigation and the arrogation of power which is subject to correction by prohibition" (La Rocca v Lane, 37 NY2d 575, 580). "The writ does not lie as a means of seeking a collateral review of an error of law, no matter how egregious that error might be, . . . but only where the very jurisdiction and power of the court are in issue" (Matter of Steingut v Gold, 42 NY2d 311, 315 [geographical jurisdiction of Kings County was in issue]; see Matter of Rush v Mordue, 68 NY2d at 353-355 [remedy of prohibition available to raise a claim of immunity from prosecution]). In drawing the difficult distinction between legal errors and actions taken in excess of power, the Court of Appeals has instructed that such excesses of power involve "an unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding" (Matter of State of New York v King, 36 NY2d at 64 [prohibition did not lie to challenge an order directing that the defendants would have additional peremptory challenges]; see Matter of Brown v Blumenfeld, 103 AD3d at 56 [prohibition available to challenge the preclusion of evidence, without specific statutory authority, as a generalized sanction on the People for violating an ethical rule]).
B. CPL 245.80
CPL 245.80(1)(a) addresses the "[n]eed for remed[ies] or sanction[s]" for the late [*3]disclosure of evidence. The version of CPL 245.80(1)(a) in effect in January 2022, when the New Rochelle City Court issued the order of preclusion, provided that "[w]hen material or information is discoverable under this article but is disclosed belatedly, the court shall impose an appropriate remedy or sanction if the party entitled to disclosure shows that it was prejudiced" (CPL former 245.80[1][a]). The available remedies or sanctions were as follows:
"the court may make a further order for discovery, grant a continuance, order that a hearing be reopened, order that a witness be called or recalled, instruct the jury that it may draw an adverse inference regarding the non-compliance, preclude or strike a witness's testimony or a portion of a witness's testimony, admit or exclude evidence, order a mistrial, order the dismissal of all or some of the charges, or make such other order as it deems just under the circumstances" (id. former § 245.80[2]).FN1
C. Right of Direct Appeal
"It is a fundamental rule of the jurisdiction of New York's appellate courts that no appeal lies from an order in a criminal proceeding in the absence of specific statutory authority for the appeal" (People v Coulibaly, 198 AD3d 84, 86; see People v Stevens, 91 NY2d 270, 277-278). "[T]he underlying policy is to limit appellate proliferation in criminal matters, sometimes to the seeming detriment of the defendant and sometimes to the detriment of the People. Litigation may be compounded unduly by protracted and multifarious appeals and collateral proceedings frustrating the speedy determination of disputes" (Matter of State of New York v King, 36 NY2d at 63).
The version of CPL 450.20 in effect at the time of the order of preclusion did not authorize appeals as of right from orders entered pursuant to CPL 245.80. The Legislature subsequently amended CPL 450.20 to permit the People to appeal as of right only from "[t]hat portion of an order dismissing an accusatory instrument or some of its counts pursuant to [CPL 245.80(2)] as a sanction for failure to comply with any discovery order issued pursuant to article two hundred forty-five of this part" (id. § 450.20[12] [emphasis added]).
III. Analysis
The primary issue on this appeal is whether Costa exceeded his authorized powers in issuing the order of preclusion. The petitioner contends, among other things, that a writ of prohibition lies because Costa lacked the authority to impose a sanction in the absence of a showing of prejudice. We find that this contention is without merit (see Matter of Clegg v Rounds, 222 AD3d 112, 118). CPL former 245.80(1) not only authorized, but actually required, courts to impose an appropriate remedy or sanction when discoverable information or material was disclosed belatedly and the party entitled to disclosure established prejudice. Thus, the City Court was authorized to make a determination as to prejudice (see Matter of Brown v Blumenfeld, 89 AD3d at 103) and, upon determining that prejudice existed, had the discretion to preclude evidence as a sanction (see CPL former 245.80[1], [2]).
Although the petitioner argues that the existence of prejudice is a "necessary precursor" or condition precedent to the imposition of sanctions, the determination as to prejudice requires a legal determination on the part of the court. The court would not lose the authority to impose a remedy or sanction under CPL former 245.80(1) merely because it made an incorrect determination as to prejudice. Here, assuming that the City Court's prejudice determination constituted error, any such error, however egregious, constituted an error of law in making a determination that the court was authorized to make under CPL former 245.80(1)(a) (see Matter of [*4]Clegg v Rounds, 222 AD3d at 118; Matter of Brown v Blumenfeld, 89 AD3d 94), rather than "unlawful use or abuse of the entire action or proceeding" (Matter of State of New York v King, 36 NY2d at 64).
The cases on which the petitioner relies do not warrant a different result. Each stands for the proposition that a movant must establish prejudice in order to be entitled to a remedy or sanction under CPL former 245.80(1). None holds that a court exceeds its authority for the purposes of prohibition if it imposes a sanction based on an erroneous determination of prejudice (see e.g. People v Neustadt, 221 AD3d 618, 618 [court did not err in permitting the People to call an expert witness, notwithstanding delay in disclosure, where the defendant did not show prejudice]; People v Ramjattan, 219 AD3d 1348, 1351 [court did not err in failing to impose sanctions where the defendant did not show prejudice]).
According to the petitioner, since the State trooper was the only officer on the scene, precluding his testimony and the evidence he obtained was "tantamount to dismissal." However, even assuming that the order of preclusion prevented the People from introducing any evidence at all, prohibition does not lie where, as here, any error was, at most, an error of law by a court that was acting within its authority. The cases relied upon by the petitioner are inapposite to the facts here. Each involved actions that constituted an arrogation of power (see Matter of Soares v Herrick, 20 NY3d 139 [improper disqualification of district attorney from prosecuting case]; Matter of Holtzman v Goldman, 71 NY2d 564 [court entered nonappealable trial order of dismissal on the merits even though no evidence was presented and merits of case were not heard]; Matter of Clark v Newbauer, 148 AD3d 260 [erroneous preclusion of evidence based on collateral estoppel that affected entire proceeding]; Matter of Green v DeMarco, 87 AD3d 15, 19-20 [joint suppression hearing/trial in violation of statute]; Matter of Cosgrove v Ward, 48 AD3d 1150 [preclusion of evidence where there was no statutory authority for such remedy]; Matter of Mollen v Mathews, 269 AD2d 42 [determination that defendant was an incapacitated person contrary to applicable statute]; Matter of Brown v Schulman, 244 AD2d 406 [court exceeded authority in entering preclusion order in response to People's request for a short continuance]).
Granting prohibition here would constitute improper collateral interlocutory review. This point is underscored by the Legislature's amendment of CPL 450.20 to permit the People to appeal as of right from the portion of an order dismissing an accusatory instrument or some of its counts pursuant to CPL 245.80(2). In enacting this amendment, the Legislature chose to limit the types of appeals available to the People and did not permit the People to appeal from orders granting other remedies or sanctions under CPL 245.80(2), including orders precluding evidence, regardless of whether such orders would prevent the People from prosecuting a case. Contrary to the petitioner's contentions, although the nonappealability of an order may be considered as a factor in favor of prohibition as part of the second step of the two-tiered analysis, "nonreviewability by way of appeal alone, does not provide a basis for reviewing error by collateral proceeding in the nature . . . of prohibition" (Matter of State of New York v King, 36 NY2d at 63; see Matter of Holtzman v Goldman, 71 NY2d at 570).
Since a writ of prohibition does not lie, the Supreme Court should have denied that branch of the petition which was to prohibit the enforcement of the order of preclusion. Accordingly, we need not address the parties' contentions regarding the court's exercise of its discretion in granting that remedy.
IV. Conclusion
For the reasons set forth above, the Supreme Court should have denied that branch of the petition which was to prohibit the enforcement of the order of preclusion.
In light of our determination, we need not address the parties' remaining contentions.
The motion is granted, the appeal from so much of the judgment as granted that branch of the petition which was to prohibit the enforcement of the order dated April 4, 2022, issued in an action entitled People v Serrano, pending in the New Rochelle City Court under Docket No. CR-5661-21, is dismissed as academic, the judgment is reversed insofar as reviewed, on the law, that branch of the petition which was to prohibit the enforcement of the order dated January 14, 2022, issued in an action entitled People v Molina, pending in the New Rochelle City Court under Docket No. CR-3495-21, is denied, and that portion of the proceeding is dismissed.
DUFFY, J.P., CONNOLLY and LOVE, JJ., concur.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from so much of the judgment as granted that branch of the petition which was to prohibit the enforcement of the order dated April 4, 2022, issued in an action entitled People v Serrano, pending in the New Rochelle City Court under Docket No. CR-5661-21, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the judgment is reversed insofar as reviewed, on the law, without costs or disbursements, that branch of the petition which was to prohibit the enforcement of the order dated January 14, 2022, issued in an action entitled People v Molina, pending in the New Rochelle City Court under Docket No. CR-3495-21, is denied, and that portion of the proceeding is dismissed.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1
The current version of CPL 245.80(1)(a) provides, in relevant part: "When material or information is discoverable under this article but is disclosed belatedly, the court shall impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." The current version of CPL 245.80(2) provides for the same available remedies and sanctions as CPL former 245.80(2), but, among other things, requires courts to consider other remedies before dismissing some or all of the charges. Since the current version of CPL 245.80 did not become effective until May 9, 2022, the order of preclusion, which is dated January 14, 2022, applied CPL former 245.80 (see L 2022, ch 56, § 1, part UU, § 1, subpart D, §§ 2, 6 [eff May 9, 2022]).